

```
┌─────────────────────────────┐
│           FILED             │
│  ┌───────────────────────┐  │
│  │     MAY 1 6 2006      │  │
│  └───────────────────────┘  │
│  UNITED STATES BANKRUPTCY COURT │
│  EASTERN DISTRICT OF CALIFORNIA │
└─────────────────────────────┘
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 03-23527-D-13L |
| DANIEL and MERCY KELLENBECK, | |
| Debtors. | |
| DANIEL and MERCY KELLENBECK, | Adv. Proc. No. 05-2522 |
| Plaintiffs, | |
| v. | |
| MBNA AMERICA BANK, N.A., | |
| Defendant. | Date: May 2, 2006 |
| | Time: 1:00 p.m. |

## MEMORANDUM DECISION

### I. INTRODUCTION

MBNA America Bank, N.A. (the "Bank") has motioned the court to vacate the entry of default against it (the "Motion") in an adversary proceeding filed by Daniel Kellenbeck and Mercy Kellenbeck (the "Debtors") to recover a preference. For the reasons set forth below, the court will grant the Motion.

### II. BACKGROUND

The Debtors filed a joint Chapter 13 petition on April 1, 2003. On June 6, 2003 attorney for the Debtors sent a letter to

the Bank asserting a preferential payment and demanding a return of certain funds. The letter is addressed to "Agent for Service for MBNA America, P.O. Box 15137, Wilmington, DE 19886-5137" (the "P.O. Box Address"). The Bank did not respond to the June 6, 2003 letter. Attorney for the Debtors then sent a second letter to the Bank on July 25, 2005, again asserting a preferential payment and demanding return of certain funds. This second letter gave the ultimatum, that if no response was received within fifteen days, the Debtors would file a complaint seeking recovery of the alleged preference. The July 25, 2003 letter was also sent to the P.O. Box Address. The Bank did not respond to the July 25, 2005 letter.

On December 21, 2005 the Debtors filed a complaint for recovery of preferential transfer (the "Preference Action"). On December 27, 2005 the Debtors served the Preference Action and summons on the Bank by regular mail at the P.O. Box Address. As of March 3, 2006 the Bank had not filed an answer, or other responsive pleading to the Preference Action and the Debtors requested entry of default. Default was entered against the Bank by Clerk of the Bankruptcy Court on March 8, 2006. On March 29, 2006, prior to entry of default judgment, the Bank filed the Motion.

In support of the Motion the Bank filed the declaration of Kenneth Holton, an assistant vice president of the Bank, and custodian of records (the "Holton Declaration"). The Holton Declaration states as follows: (1) that the Bank's records do not show that it received the Preference Action and summons at any time before March 9, 2006; (2) the P.O. Box Address is a payment processing address for the Bank; and (3) that the Bank's records indicate that it received the Debtors' request for entry of default

- 2 -

on March 9, 2006 and thereafter assigned the matter to their attorneys for review.

The Motion asserts that it has a meritorious defense to the Preference Action.  Specially, the Motion asserts a statute of limitations defense.  It appears, the Bank may well have a meritorious defense to the Preference Action.

### III.  ANALYSIS

Federal Rule of Bankruptcy Procedure 7004(b) provides "service may be made within the United States by first class mail postage prepaid . . . upon a domestic or foreign corporation or upon a partnership or other incorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent."[1]  An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Mullane v. Central Hanover Bank, 339 U.S.C. 306, 70 S.Ct. 652.

Entry of Default may be set aside for good cause shown.  Fed. R. Civ. P. 55(c).  Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment.  Schwab v. Bullocks, Inc., 508 F.2d 353, 355 (9th Cir. 1974).  The "good cause" standard for setting aside an entry of default alone, not a default judgment, is slightly more favorable

---

[1] F.R.B.P. 7004 makes applicable Federal Rule of Civil Procedure 4.

- 3 -

to the party in default.   See Hawaiian Carpenters Trust Fund v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).   A district court's discretion is especially broad when it is entry of a default that is being set aside, rather than default judgment.   See Brady v. United States, 211 F.3d 499 (9th Cir. 2000).

At the outset it is noted, the Bank's failure to respond to the June 6, 2003 and the July 25, 2005 letters, should have made counsel question whether the letters were, in fact, being received by an officer or managing agent of the Bank.   The Bank has submitted uncontroverted evidence that the Debtors served the Preference Action and summons at a post office box that the Bank used for processing payments.   Further, the Bank has submitted uncontroverted evidence that it does not have record of ever receiving the Preference Action until March 9, 2006 which was after entry of the default.

The court finds service by mail of a summons and complaint to a post office box address, which an entity uses for the processing of payments, does not meet the standard set forth in Mullane.   It cannot be said that service at an address used for processing of payments, is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action.   If, when serving a complaint pursuant to F.R.B.P. 7004, a party does nothing more than use the address off a billing statement, an address where payments are to be sent, the plaintiff assumes the exact type of risk that has surfaced in this case.   Specifically, that service will be inadequate, and any relief afforded by default is subject

to being set aside for faulty service.[2]

After entry of the default against it the Bank acted promptly in filing the Motion and requesting that the default be set aside. The Bank has also presented a prima facie meritorious defense to the Preference Action, that being the two-year statute of limitation imposed by 11 U.S.C. § 546(a).

### IV. CONCLUSION

For the reasons stated above, the court finds that good cause exists for setting aside the default and the court will issue an order accordingly.

Dated:   MAY 1 6 2006

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

---

[2] With today's technology, it is easy enough to find the service address of record, or the agent for service of process, for most any business entity.

- 5 -

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CERTIFICATE OF MAILING

     The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Office of the U.S. Trustee
501 "I" Street, Room 7-500
Sacramento, CA 95814

John O'Donnell
915 University Avenue
Sacramento, CA 95825

Mary Ellen Terranella
1652 W. Texas Street, Suite 222
Fairfield, CA 94533

Dated:   MAY 1 6 2006
                   Andrea Lovgren
                   Andrea Lovgren